IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:97CR3002 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| JIMMIE C. JOHNSON, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

I will deny the defendant's motion for reduction of sentence based upon the retroactive "crack" amendment. In addition, I deny the defendant an opportunity to appear before me.

My reasons for these decisions are set out briefly below:

(1) While the retroactive "crack" amendment lowered Johnson's base offense level from 36 to 34, his Guidelines' imprisonment range remains life in prison. S*ee* Retroactive Sentencing Worksheet. The Commission has determined that a sentence reduction is not authorized where the sentencing range is not lowered by an amendment. *See* U.S.S.G. § 1B1.10(a)(2)(B)) (2008)[1] ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.") Since Johnson's sentencing range has not been lowered, I lack the power to reduce the defendant's sentence. *Id. See also United States v. McFadden*, 523 F.3d 839, 840-41 (8th Cir. 2008) (Defendant's sentence of 108 months of imprisonment, for conviction upon guilty plea to conspiracy to possess with intent to distribute more than 50 grams of mixture containing

---

[1] Available in the *Supplement to the 2007 Guidelines Manual* (March 3, 2008) at p. 1.

cocaine base and to using communication facility to distribute cocaine base, did not warrant two-level reduction based on drug quantity, pursuant to retroactive amendment to United States Sentencing Guidelines Manual, since newly calculated guideline range remained unchanged).

    (2)   Even if I had the power to reduce Johnson's sentence, I agree with the probation officer that the "defendant's extreme history of reported violence" compels the conclusion that he must spend the rest of his years in prison. *See* Retroactive Sentencing Worksheet. In short, the defendant is an extremely dangerous predator and under no circumstances would I grant him relief even if I had the power to do so.

    (3)   Providing that procedural due process protections are in place (such as by appointing counsel and by providing counsel with an opportunity to brief the legal and factual issues), defendants, like Johnson, who are seeking sentencing reductions have no right to be present at a hearing before the judge. *See*, *e.g.*, Fed. R. Crim. P. 43(b)(4) (providing that a defendant need not be present when the "proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."). Johnson has been afforded all the process he is due by virtue of the appointment of counsel and the opportunity of his able counsel to present written submissions on his behalf. There is no reason for me to see the defendant or hear from him personally.

IT IS ORDERED the defendant's motion to reduce sentence pursuant to crack cocaine Amendment 706 (filing 207) is denied.

August 19, 2008.                  BY THE COURT:

                                       *s/Richard G. Kopf*
                                       United States District Judge