IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:97CR3002 |
| v. | ) | |
| JIMMIE C. JOHNSON, | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

Mr. Johnson has filed motions which I liberally construe. First, I construe them as a notice of appeal regarding my denial of his motion for a sentence reduction. Second, I take it that he wishes to appeal in forma pauperis and the Clerk has requested advice on that subject. I will direct the Clerk to process the appeal and allow Mr. Johnson to appeal in forma pauperis. Third, Mr. Johnson requests that I recuse myself and that request requires slightly more detail.

It is true that I have described Mr. Johnson in extremely harsh terms. But it is also true that the information that motivated me to do so has been solely derived from the record. Years ago, I imposed a life sentence after careful consideration of the presentence report. I have consistently denied Mr. Johnson's attempt to obtain sentence reductions over the many years that have elapsed since I first imposed that sentence.

I hold no personal animus or deep seated personal bias against Mr. Johnson but the truth is the truth. Johnson is an especially malevolent predator who deserves to spend the rest of his life in prison. "Opinions based on facts or events occurring in a judicial proceeding 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. Minard*, 856 F.3d 555, 557 (8th Cir. 2017) (citation omitted).

The government's brief in opposition to Johnson's most recent sentence reduction motion provides an abbreviated but objective summary of why I have characterized Mr. Johnson in harsh terms and refused to reduce his life sentence to 360 months in prison:

> Defendant's criminal history includes convictions for two First Degree Sexual Assaults and for misdemeanor Assault. Revised PSR ¶¶ 65, 70. During interviews while incarcerated for the Sexual Assault convictions, Defendant admitted raping 30 to 40 women. Revised PSR ¶ 76. Also while in State custody, Defendant was evaluated and diagnosed as a mentally disordered sex offender and "exhibited anti-social behavior more than any type of serious psychiatric disorder." Revised PSR ¶ 65.
>
> In connection with his federal drug trafficking offense, Defendant received a weapons enhancement for using a baseball bat and/or lug wrench to beat drug customers who failed to pay. Revised PSR ¶¶ 41, 54. Defendant sexually assaulted a customer who failed to pay, after his brother and co-defendant had sexually assaulted and sodomized her. Revised PSR ¶ 19; *Johnson*, 169 F.3d at 1094. While in federal custody, Defendant completed a drug education course but also received sanctions for twice possessing drugs/alcohol, possessing an unauthorized item, disorderly conduct, being insolent toward staff on two occasions and refusing to obey an order. Retroactive Sentencing Worksheet, pg. 1.
>
> Defendant's completion of a drug education class while in the custody of the BOP does not outweigh his many violations while incarcerated there. It hardly bears mentioning in light of his other violent conduct. Defendant was convicted in State court of committing two stranger rapes. He committed sexual and physical assaults against drug customers in the course of his federal offense. He admitted to raping 30-40 women.
>
> The court has accurately characterized Defendant as an extremely dangerous, violent predator. For the safety of the community, Defendant should remain incarcerated for the rest of his life. In the exercise of its discretion, the court should deny a sentence reduction.

(Filing no. 265 at CM/ECF pp 5-6.)

The recusal motions have no merit. As such, they will be denied.

IT IS ORDERED that:

1. The Clerk shall treat the documents (filing no. 262 and filing no. 265) as a notice of appeal and shall process the appeal according to its customary practice.

2. Construed as motions to appeal in forma pauperis, the motions (filing no. 262 and filing no. 265) are granted.

3. Construed as motions seeking my recusal, the motions (filing no. 263 and filing no. 265) are denied.

4. The Clerk shall mail a copy of this Memorandum and Order to Mr. Johnson.

DATED this 1st day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge